Staples, J.,
delivered the opinion of the court.
The court is of opinion, that no error was committed by the Circuit court to the prejudice of the appellant, in hearing these causes together, and in refusing to dismiss the appellee’s attachment in equity. "Whatever cause of complaint the appellant may have had in being proceeded against at law and in equity for the same matter, has been removed by the election of the appellee to dismiss the attachment at law.
The court is further of opinion, that an issue ought to be made up and tried by a jury, to ascertain whether the appellant Magill was or was not influenced, in giving the bond for $2,636, in the proceedings mentioned, to the appellee Manson, by a misrepresentation of fact, fraudulently or otherwise, made by the said Manson to the said Magill or to John F. Allen.
If the said issue shall be found in the negative, then there ought to be a decree in favor of the said Manson against said Magill, for the said sum of $2,636, with interest thereon from the 13th day of May, 1862, and "the costs of suit in the said Circuit court, and for pay *538 ruent of tlie same out of the money due by Conrad Sauer to the said Magill, heretofore attached, in said Sauer’s hands.
But, if the said issue should be found in the affirmative, then there ought to be an order for an account to ascertain the value in gold of the two thousand dollars in Confederate money advanced by said Manson. for bacon purchased for the said Magill, and of the-five thousand dollars in Confederate money loaned by-said Manson to the said Magill; which two sums makeup the amount for which the bond for seven thousand dollars was given; the said two amounts of $2,000 and. $5,000 to be scaled, as of their gold value, at the times, they were respectively advanced or loaned; and also for an account of all matters between the said Manson and the said Magill, charging her with the value in gold, as aforesaid, of the said two sums of $5,000 and $2,000, with interest thereon from the periods at which they were respectively advanced and paid, and also with the-value in gold of the two barrels of flour sold by the said Manson to the said Magill in 1864, and also with whatever amount may appear to be justly due by her to him, in gold, for medical services rendered to her, or on her account, prior to the execution of said bond for $2,636, with interest on said last mentioned charges; and there ought to be a decree in favor of said Manson for the balance which maybe found due to him on said account, after deducting appellant’s costs incurred in the said Circuit court; and for the payment of the said balance out of the money due by the said Saue.i to the said Magill, as aforesaid. The decree for the balance so found to be rendered for the equivalent in legal currency of the United States, to be ascertained, at the date of the decree.
The court is of opinion, that so much of said decree-of said Circuit court, as is inconsistent with the foregoing opinion, is erroneous. It is therefore decreed *539 and ordered, that the same he reversed and annulled; and that the appellee pay to the appellant her costs by her expended in the prosecution of her appeal here.
And it is ordered, that these causes he remanded to the Chancery court of Richmond, for further proceedings, in conformity with the foregoing opinion. All of which is ordered to be certified to the said Chancery court for the city of Richmond.
Decree reversed.